IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CARL ZEHNER,)
      Petitioner,)    Civil Action No. 13-225 Erie
)
v.)
)    Magistrate Judge Susan Paradise Baxter
PENNSYLVANIA BOARD OF)
PROBATION AND PAROLE, et al.,)
      Respondents.)

## OPINION AND ORDER[1]

Presently before the Court is a petition for a writ of habeas corpus filed by state prisoner Carl Zehner pursuant to 28 U.S.C. § 2254. [ECF Nos. 4, 6]. In the petition, he challenges a decision made by the Pennsylvania Board of Probation and Parole (the "Board") to deny him parole. For the reasons set forth below, the petition is denied and a certificate of appealability is denied.

### I.

**A.** **Relevant Background**

On November 6, 2008, Petitioner was sentenced by the Court of Common Pleas of Schuylkill County as follows:

a) 4 to 8 years of incarceration, followed by 10 years of probation, for violating 18 Pa.C.S. § 3301(a)(1)(ii) (Arson endangering persons);

b) 1 to 2 years of incarceration for violating 18 Pa.C.S. § 3302(b)(Risking catastrophe); and,

c) 1 to 2 years of incarceration for violating 18 Pa.C.S. § 3304(a)(1)(Criminal mischief).

The minimum expiration date for his sentence was August 5, 2012, and the maximum expiration date is August 5, 2016. [Resp's Ex. 2, ECF No. 10-1 at 27].

---
[1]     In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.

The Board has interviewed and denied Petitioner parole two times. The last time it denied him parole was by a decision it issued on May 24, 2013. That is the decision at issue in this case. On that date, the Board informed Petitioner:

> Following an interview with you and a review of your file, and having considered all matters required pursuant to the Board of Probation and Parole, in the exercise of its discretion, has determined at this time that: you are denied parole/reparole. The reasons for the Board's decision include the following:
>
> Your risk and needs assessment indicating your level of risk to the community.
>
> Your prior unsatisfactory supervision history.
>
> Your failure to demonstrate motivation for success.
>
> Your lack of remorse for the offense(s) committed.
>
> You are to be reviewed in or after April 2014.
>
> At your next interview, the Board will review your file and consider:
>
> Whether you have maintained a favorable recommendation for parole from the Department of Corrections.
>
> Whether you have maintained a clear conduct record.
>
> Whether you have completed the department of corrections prescriptive program(s).
>
> You may file an application for parole/reparole no sooner than 1 year after the date the last decision denying you parole/reparole was recorded.

[Resp's Ex. 4, ECF No. 10-1 at 34].

In the instant petition for a writ of habeas corpus, Petitioner challenges the Board's May 24, 2013, decision to deny him parole. [ECF Nos. 4, 6]. This case is governed by the federal habeas statute applicable to state prisoners, 28 U.S.C. § 2254. Under this statute, habeas relief is only available on the grounds that he is in custody in violation of his federal constitutional rights. 28 U.S.C. § 2254(a). The Court will assume that Petitioner is raising a due process claim and an Eighth Amendment claim, as those are the only claims that could possibly be gleaned from a liberal reading of the petition.

2

Respondents have filed an Answer in which they argue that the petition is moot. [ECF No. 10]. They point out that after he filed the instant petition for a writ of habeas corpus, Petitioner signed and submitted a form entitled "Request to Serve the Maximum Expiration of Current Sentence," in which he stated that he no longer wished to be paroled or considered for parole on his current sentence and that he wanted to remain incarcerated until the maximum term of his sentence expired. [Resp's Ex. 5, ECF No. 10-1 at 37]. As a result, on August 7, 2013, the Board issued a decision in which it stated: "You are to serve your unexpired maximum sentence, 08/05/2016, due to your negative interest in parole. Review only upon application. You may file an application for parole/reparole no sooner than 1 year after the date the last decision denying you parole/reparole was recorded." [Resp's Ex. 6, ECF No. 10-1 at 39].

Petitioner did not file a Reply. See Local Rule 2254(E)(2) (a petitioner "may file a Reply ... within 30 days of the date the respondent files its Answer.").

## B. Discussion

### (1) The Exhaustion Requirement

The federal habeas statute "requires that prisoners exhaust their claims in state court before seeking relief in federal courts." Slutzker v. Johnson, 393 F.3d 373, 379 (3d Cir. 2004) (citing 28 U.S.C. § 2254(b)(1)(A)). Because it appears that Pennsylvania law does not provide a mechanism by which a prisoner such as Petitioner can challenge a parole denial based upon Eighth Amendment or due process grounds, Petitioner likely is exempt from the exhaustion requirement. Defoy v. McCullough, 393 F.3d 439, 445 (3d Cir. 2005); Roman v. DiGuglielmo, 675 F.3d 204, 209 (3d Cir. 2012) ("[T]he State argues that DeFoy no longer controls because Commonwealth Courts since that decision have adjudicated mandamus actions involving parole denials by the Board and have considered constitutional claims other than *ex post facto* claims.... [T]o the extent there has been any shift in Pennsylvania law, we

cannot comfortably say that it is clear enough to alter our decision in DeFoy."). A federal court "may bypass the exhaustion issue altogether should [it] decide that the petitioner's habeas claim fails on the merits." Roman, 675 F.3d at 209 (citing, *inter alia*, 28 U.S.C. 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.")). Because the instant petition plainly has no merit, this Court "need not address the issue of exhaustion in this case." Id.

### (2) The Petition Must Be Denied

Petitioner is challenging the Board's May 24, 2013, decision to deny him parole. However, after he filed the instant petition with this Court he filed a request with the Board to serve his maximum sentence. The Court agrees with the Respondent that, as a result, Petitioner's challenge to the Board's May 24, 2013, decision to deny him parole is now is moot. See Spencer v. Kemna, 523 U.S. 1, 7, 18 (1998); Burkey v. Marberry, 556 F.3d 142, 147-78 (3d Cir. 2009).

Alternatively, Petitioner's challenge to the Board's May 24, 2013, decision fails on the merits. To the extent that Petitioner argues that the Board's denial of parole violates the Eighth Amendment, he has no right to be released before the expiration of his valid prison sentence in 2016, Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979), and the Board's decision to deny him release to parole does not constitute cruel and unusual punishment. See Sample v. Diecks, 885 F.2d 1099, 1108 (3d Cir. 1989) (imprisonment *beyond* one's term constitutes punishment within the meaning of the Eighth Amendment.)

To the extent that Petitioner is raising a due process claim, that claim must be denied. The Fourteenth Amendment provides that the State may not "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV. An examination of a procedural due process

claim under the Fourteenth Amendment proceeds in two steps. See Board of Regents of State Colleges v. Roth, 408 U.S. 564, 571 (1972). First, the court must determine whether there exists a liberty or property interest which has been interfered with by the state. Kentucky Dept. of Corr. v. Thompson, 490 U.S. 454, 460 (1989) (citing Board of Regents, 408 U.S. at 571). Second, and if and only if a petitioner establishes the existence of a protected interest, the court must examine whether the procedures attendant upon that deprivation were constitutionally sufficient. Id. (citing Hewitt v. Helms, 459 U.S. 460, 472 (1983)). Petitioner cannot meet either criteria because, as stated above, there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz, 442 U.S. at 7. Thus, absent the creation of a liberty interest in parole, a state's decision to deny parole does not create any procedural due process protections. Both the federal and Pennsylvania state courts have held that parole is not a constitutionally protected liberty interest under Pennsylvania law. Burkett v. Love, 89 F.3d 135, 139 (3d Cir. 1996); Rogers v. Pennsylvania Bd. of Prob. & Parole, 724 A.2d 319, 323 (Pa. 1999). See also Newman v. Beard, 617 F.3d 775, 783 (3d Cir. 2010). Because Petitioner cannot establish that he possesses a liberty interest in parole, he has not demonstrated a violation of a protected constitutional right which would allow him to present a procedural due process claim. Accordingly, the Board's decision did not violate his right to procedural due process.

Turning to a substantive due process analysis, the Third Circuit Court of Appeals has held that "even if a state statute does not give rise to a liberty interest in parole release under Greenholtz, once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons." Block v. Potter, 631 F.2d 233, 236 (3d Cir. 1980). See also Newman, 617 F.3d at 782. The Supreme Court also has held that "although a person may have no 'right' to a valuable government benefit, and may be

denied it for any number of reasons, 'there are some reasons upon which the government may not rely.'" Burkett, 89 F.3d at 139 (citing Perry v. Sindermann, 408 U.S. 593, 597 (1972)). Under substantive due process, as the term has been construed by the courts, a state may not deny parole on constitutionally impermissible grounds, such as race or in retaliation for exercising constitutional rights (two factors that are not alleged and are not present here). Id. at 140. In addition, a state may not base a parole decision on factors bearing no rational relationship to the interests of the Commonwealth. Block, 631 F.2d at 237.

Importantly, the Third Circuit Court of Appeals has stressed that a substantive due process claim based upon alleged arbitrary and capricious action is not easily mounted. Hunterson v. DiSabato, 308 F.3d 236, 246-47 (3d Cir. 2002). That is because the relevant level of arbitrariness required in order to find a substantive due process violation involves not merely action that is unreasonable, but rather, something more egregious, which the Third Circuit Court has termed at times "conscience shocking." Hunterson, 308 F.3d at 246-47. It has made clear that "only the most egregious conduct will be considered arbitrary in the constitutional sense." Id. at 247-48. See also Newman, 617 F.3d at 782 ("Conduct can violate substantive due process if it shocks the conscience, which encompasses only the most egregious official conduct.") (internal quotations and citations omitted). It also has stated: "[F]ederal courts are not authorized to second-guess parole boards and the requirements of substantive due process are met if there is *some basis* for the challenged decision." Coady v. Vaughn, 251 F.3d 480, 487 (3d Cir. 2001) (emphasis added). Newman, 617 F.3d at 782 ("The conduct must be intended to injure in some way unjustifiable by any government interest[.]") (internal quotations and citations omitted).

Petitioner has not demonstrated that the Board's decision lacked "some basis." As reflected in its May 24, 2013, decision, he was denied parole because based on an interview, a review of his file, and consideration of the matters set forth in the relevant state statute, it determined that releasing him on

6

parole presented an unacceptable level of risk to society. It also determined that Petitioner had an unsatisfactory supervision history, failed to demonstrate motivation for success, and lacked remorse for the offenses he committed. Although Petitioner disagrees with the Board's assessment of him, he has failed to direct the Court to any factor relied upon by the Board that could be described as "conscience shocking." Accordingly, there can be no finding that he is in custody in violation of his substantive due process rights.

**C.     Certificate of Appealability**

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner has failed to substantially allege the denial of a constitutional right, much less show such a denial. Accordingly, the Court will not issue a certificate of appealability.

## II.

For the reasons set forth above, the petition for a writ of habeas corpus is denied. Also, a certificate of appealability is denied. An appropriate Order follows.

Dated: March 25, 2014                          /s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CARL ZEHNER,** )<br>       Petitioner, )<br>  )<br> v. )<br>  )<br>**PENNSYLVANIA BOARD OF** )<br>**PROBATION AND PAROLE, et al.,** )<br>       Respondents. ) | Civil Action No. 13-225 Erie<br><br>Magistrate Judge Susan Paradise Baxter |

## ORDER

AND NOW, this 25th day of March, 2014;

IT IS HEREBY ORDERED that the petition for a writ of habeas corpus is DENIED and a certificate of appealability is DENIED. The Clerk of Courts is directed to close this case.


                                      /s/ Susan Paradise Baxter
                                      SUSAN PARADISE BAXTER
                                      United States Magistrate Judge